FILED
CLERK, U.S. DISTRICT COURT
11/4/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DANE TAYLOR GORDON,<br><br>　　　　Defendant. | CR  5:22-cr-00256-JGB<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1), (g)(8): Prohibited Person in Possession of Ammunition; 26 U.S.C. § 5861(d): Possession of an Unregistered Firearm; 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(g)(1), (8)]

On or about October 16, 2022, in Riverside County, within the Central District of California, defendant DANE TAYLOR GORDON knowingly possessed the following ammunition, each in and affecting interstate and foreign commerce:

(1) approximately 100 rounds of Wolf 5.56mm caliber ammunition; and

(2) approximately 100 rounds of Fiocchi 9mm caliber ammunition.

Defendant GORDON possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Reckless Driving and Evading a Peace Officer, in violation of California Vehicle Code Section 2800.2, in the Superior Court for the State of California, County of Orange, Case Number 01WF2489, on or about November 1, 2002;

2. Attempted Possession of a Firearm by a Felon, in violation of Nevada Revised Statutes 193.330 and 202.360, in the District Court for the State of Nevada, County of Clark, Case Number C284951-1, on or about January 24, 2013; and

3. Second Degree Robbery, in violation of California Penal Code Sections 211 and 212.5(c), in the Superior Court for the State of California, County of Orange, Case Number 12CF2869, on or about July 3, 2013.

Additionally, defendant GORDON possessed such ammunition knowing that he was subject to an order issued in the Superior Court for the State of California, County of Orange, Case Number 21HM02004, on or about June 15, 2021, that was issued after a hearing of which he received actual notice, and at which he had an opportunity to participate, restraining him from harassing, stalking, and threatening an intimate partner, that by its terms explicitly prohibited the use, attempted use, and threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury.

COUNT TWO

[18 U.S.C. § 922(g)(1), (8)]

On or about October 20, 2022, in Riverside and Orange Counties, within the Central District of California, defendant DANE TAYLOR GORDON knowingly possessed the following ammunition, each in and affecting interstate and foreign commerce:

(1) approximately 165 rounds of Wolf 5.56mm caliber ammunition;

(2) approximately 13 rounds of Sig Sauer 9mm caliber ammunition, approximately three rounds of which were loaded in a Glock-style pistol, bearing no serial number (commonly referred to as a "ghost gun"); and

(3) approximately 12 rounds of Fiocchi 9mm caliber ammunition, approximately six rounds of which were loaded in a Glock-style pistol, bearing no serial number (commonly referred to as a "ghost gun").

Defendant GORDON possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Reckless Driving and Evading a Peace Officer, in violation of California Vehicle Code Section 2800.2, in the Superior Court for the State of California, County of Orange, Case Number 01WF2489, on or about November 1, 2002;

2. Attempted Possession of a Firearm by a Felon, in violation of Nevada Revised Statutes 193.330 and 202.360, in the District Court for the State of Nevada, County of Clark, Case Number C284951-1, on or about January 24, 2013; and

3. Second Degree Robbery, in violation of California Penal Code Sections 211 and 212.5(c), in the Superior Court for the State

of California, County of Orange, Case Number 12CF2869, on or about July 3, 2013.

Additionally, defendant GORDON possessed such ammunition knowing that he was subject to an order issued in the Superior Court for the State of California, County of Orange, Case Number 21HM02004, on or about June 15, 2021, that was issued after a hearing of which he received actual notice, and at which he had an opportunity to participate, restraining him from harassing, stalking, and threatening an intimate partner, that by its terms explicitly prohibited the use, attempted use, and threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury.

COUNT THREE

[26 U.S.C. § 5861(d)]

On or about October 20, 2022, in Riverside County, within the Central District of California, defendant DANE TAYLOR GORDON knowingly possessed a firearm, namely, an AR-type rifle with a barrel less than 16 inches in length, that is, approximately 13 1/2 inches in length, bearing no serial number (commonly referred to as a "ghost gun"), which defendant GORDON knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which had not been registered to defendant GORDON in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of any of the offenses set forth in Counts One through Three in this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearms or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                            A TRUE BILL

                                                    /S/
                                              Foreperson

E. MARTIN ESTRADA
United States Attorney

*Christina Shay for SMG*
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

DAVID T. RYAN
Assistant United States Attorney
Deputy Chief, General Crimes
Section

KATHRYNNE N. SEIDEN
Assistant United States Attorney
General Crimes Section